UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRIENNE PANTELL, as Guardian ad Litem of DP, a minor,<br><br>    Plaintiff,<br><br>    v.<br><br>ANTIOCH UNIFIED SCHOOL DISTRICT, et al.,<br><br>    Defendants. | Case No.: CV 14-01381-KAW<br><br>ORDER GRANTING APPLICATION TO APPOINT GUARDIAN AD LITEM |

    Plaintiff Adrienne Pantell, as Guardian ad Litem of minor D.P., filed this case on March 25, 2014.  She asserts causes of action on behalf of her son based on alleged violations of the Americans with Disabilities Act, federal civil rights statutes, and state tort causes of action. (Compl., Dkt. No. 1.)  Plaintiff claims that her son's civil rights were violated through the use of restraints and the denial of nutrition and restroom breaks at the non-public school D.P. attended as his special education placement. (Compl. ¶¶ 35-46, 51.)

    Pantell seeks appointment as guardian ad litem for her minor child, D.P., who is nine years old.  (Appl. for Appointment of Guardian Ad Litem, "Appl.," Dkt. No. 6.)  The application is GRANTED for the reasons set forth below.

## I.     LEGAL STANDARD

    "A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem.  The court must appoint a guardian ad litem— or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2).

    An individual's capacity to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b).  Under California law, an individual under the age of eighteen is a minor. Cal. Fam. Code § 6502(a)(2).  A minor may bring suit as long as a guardian conducts the

proceedings. Cal. Fam. Code § 6601. In deciding whether to appoint a guardian ad litem, the court must consider whether the minor and the guardian have divergent interests. Cal. Civ. Proc. Code § 372(b)(1). When there is no conflict of interest, the guardian ad litem appointment is usually made on an ex parte application and involves minimal exercise of discretion by the court. *Kulya v. City and County of San Francisco,* No. C 06-06539 JSW, 2007 WL 760776, * 1 (N.D. Cal. Mar. 9, 2007) (citation omitted). "[I]f the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Williams v. Superior Court*, 147 Cal. App. 4th 36, 50 (2007).

## II.   DISCUSSION

D.P. was born in 2004, and was nine years old at the time the application was filed. (Appl. ¶ 1.) Thus, he is under the age of eighteen and is a minor under California law. *See* Cal. Fam. Code § 6502(a)(2). His ability to bring suit is, therefore, contingent upon the appointment of a guardian ad litem. *See id.* § 6601. Pantell, the child's biological mother, may serve as his guardian ad litem so long as she does not have an interest adverse to his. *See Williams*, 147 Cal. App. 4th at 50.

Pantell filed this action on behalf of her child, and so complains of the same injury and seeks the same relief. *See Gonzalez v. Reno*, 86 F. Supp. 2d 1167, 1185 (S.D. Fla. 2000), *aff'd*, 212 F. 3d 1338, 1351-53 (11th Cir. 2000) ("[W]hen a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)."). Accordingly, the court finds that the appointment of the proposed guardian ad litem is in the minor's best interest.

## III.   CONCLUSION

For the reasons set forth above, Plaintiff's application for appointment as guardian ad litem is GRANTED.

IT IS SO ORDERED.

Dated: April 4, 2014

KANDIS A. WESTMORE
United States Magistrate Judge

2