1

2          UNITED STATES DISTRICT COURT

3          NORTHERN DISTRICT OF CALIFORNIA

4

5   ADRIANNE PANTELL,

6          Plaintiff,                    No. C 14-1381 PJH

7      v.                                **ORDER GRANTING MOTIONS**
                                         **TO DISMISS**
8   ANTIOCH UNIFIED SCHOOL
9   DISTRICT, et al.,

10         Defendants.
                                    /
11

12         Defendants' motions to dismiss the first amended complaint came on for hearing

13   before this court on September 24, 2014.  Plaintiff appeared by her counsel Andrea Tytell,

14   and defendants appeared by their counsel Marguerite Meade.  Having read the parties'

15   papers and carefully considered their arguments and the relevant legal authority, the court

16   hereby GRANTS the motions as follows and for the reasons stated at the hearing.

17                                  **BACKGROUND**

18         This is a case alleging claims under federal and state disability and civil rights laws,

19   and common law tort claims.  Plaintiff Adrianne Pantell brings this action as guardian ad

20   litem for DP, a minor.  Plaintiff seeks damages, attorney's fees, and costs.

21          Named as defendants are Antioch Union School District ("AUSD"); Board of

22   Education of the AUSD ("AUSD Board"); Dr. Donald Gill ("Gill"), Superintendent of AUSD;

23   David Wax ("Wax"), the former Director of Special Education for AUSD[1]; Wendy Aghily

24   ("Aghily"), Program Specialist for Contra Costa SELPA; Tobinworld, a non-public school;

25   Mike Williams ("Williams"), Vice President and Behaviorist for Tobinworld; Sara Forghani

26   ("Forghani"), Principal of Tobinworld; Teresa Turner ("Turner"), Teacher at Tobinworld; and

27   three Teacher's Aides at Tobinworld – Charee Mosley ("Mosley"), Ashley Curtin ("Curtin"),

28   _____

           [1]  Plaintiff states she has been unable to serve Wax.

*United States District Court*
*For the Northern District of California*

United States District Court

For the Northern District of California

1    and Stephanie Brown ("Brown").

2         DP, who is plaintiff's son, allegedly suffers from an emotional disturbance that

3    qualifies him for special education services.  FAC ¶ 7.  From January 7, 2013 to February

4    1, 2013, DP was enrolled at Tobinworld, a California-certified, non-profit, non-public school

5    located in Antioch.  FAC ¶¶ 14, 31.  Tobinworld offers special education and behavioral

6    services to children and young adults with severe behavior problems (those who are

7    autistic or developmentally disabled).  FAC ¶ 14.  Tobinworld was approved by AUSD to

8    provide special education and related services to DP, and he attended Tobinworld under a

9    contract between Tobinworld and AUSD.  FAC ¶¶ 14, 32.

10        The events that form the basis of the complaint are alleged to have occurred on

11   Monday, January 28, 2013 and Friday, February 1, 2013.  FAC ¶ 31.  Plaintiff alleges that

12   on both January 28 and February 1, DP was restrained in an upright position by Curtin,

13   Mosley, and Brown (possibly for disruptive behavior, although the complaint is not clear).

14   In addition, his feet were allegedly kicked out from under him, which caused him to fall to

15   the floor.  Williams and Turner are also alleged to have participated in the restraint on

16   January 28.  FAC ¶¶ 33, 35, 42.

17        Plaintiff asserts that on both these occasions, DP was then forced by Curtin, Mosley,

18   and Brown to lie face down, and those same three individuals placed folders wrapped in

19   plastic against his face, which impeded his ability to breathe.  FAC ¶¶ 35, 42.  Plaintiff

20   alleges that this was particularly distressful to DP on the January 28 occasion, because he

21   had also sustained a bloody nose when he fell.  FAC ¶ 35.  DP was also allegedly

22   restrained more than once on those days, was not permitted to use the restroom, was

23   denied food, and was not allowed to play outside on either day.  As a result of the repeated

24   restraints, DP allegedly suffered bruises.  FAC ¶¶ 35, 38-40, 42, 43.

25        Plaintiff asserts that during January 2013, she "gave actual notice" of the restraints

26   and inappropriate interventions that she claims were condoned and directed by Wax,

27   Aghily, Williams, Turner, and Forghani, and that said "actual notice" was tendered to AUSD

28   and AUSD Board, as well as to Gill, Wax, and Aghily, all of whom who allegedly failed to

                                                    2

United States District Court

For the Northern District of California

1  intervene on behalf of DP.  FAC ¶ 44.

2        Plaintiff filed the original complaint on March 25, 2014.  Defendants moved to

3  dismiss, and on July 9, 2014, plaintiff filed a first amended complaint ("FAC").  The FAC

4  asserts eight causes of action – (1) assault and battery (against Curtin, Mosley, Brown,

5  Williams, Turner, Aghily, and Forghani); (2) negligence (against all defendants);

6  (3) violation of substantive due process, under 42 U.S.C. § 1983 (Gill, Wax, Aghily,

7  Williams, Forghani, Turner, Mosley, Curtin, and Brown, in their individual capacities only);

8  (4) discrimination in violation of California Civil Code § 51 (Unruh Act) (AUSD, Gill, Wax,

9  Aghily, Williams, Forghani, Turner, Mosley, Curtin, and Brown in their individual capacities

10  only); (5) discrimination in violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 701, et

11  seq. (AUSD and AUSD Board); (6) violation of Title II of the Americans With Disabilities Act

12  ("ADA"), 42 U.S.C. § 12101, et seq. (AUSD and AUSD Board) (7) intentional infliction of

13  emotional distress or "IIED" (all defendants); and (8) negligent infliction of emotional

14  distress or "NIED" (all defendants).

15        Now before the court are three motions to dismiss –

16        (1)     Motion of AUSD and AUSD Board to dismiss the claims asserted against

17  them for lack of subject matter jurisdiction and/or for failure to state a claim;

18        (2)     Motion of AUSD individual defendants (Gill and Aghily) to dismiss the claims

19  asserted against them for lack of subject matter jurisdiction and/or for failure to state a

20  claim; and

21        (3)     Motion of Tobinworld defendants (Tobinworld, Williams, Forghani, Turner,

22  Mosley, Curtin, and Brown) to dismiss the claims asserted against them for failure to state

23  a claim.

24                                    **DISCUSSION**

25  A.    Legal Standards

26        1.     Dismissal for lack of subject matter jurisdiction

27        Federal courts are courts of limited jurisdiction, possessing only that power

28  authorized by Article III of the United States Constitution and statutes enacted by Congress

                                              3

United States District Court

For the Northern District of California

1   pursuant thereto.  See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).

2   Thus, federal courts have no power to consider claims for which they lack subject-matter

3   jurisdiction.  See Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412,

4   1415 (9th Cir. 1992).  The court is under a continuing duty to dismiss an action whenever it

5   appears that the court lacks jurisdiction.  Id.; see also Spencer Enters., Inc. v. United

6   States, 345 F.3d 683, 687 (9th Cir. 2003); Attorneys Trust v. Videotape Computers Prods.,

7   Inc., 93 F.3d 593, 594-95 (9th Cir. 1996).  The burden of establishing that a cause lies

8   within this limited jurisdiction rests upon the party asserting jurisdiction.  Kokkonen v.

9   Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

10         2.      Dismissal for failure to state a claim

11         A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal

12   sufficiency of the claims alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191,

13   1199-1200 (9th Cir. 2003).  Review is limited to the contents of the complaint.  Allarcom

14   Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  To survive

15   a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the

16   minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires

17   that a complaint include a "short and plain statement of the claim showing that the pleader

18   is entitled to relief."  Fed. R. Civ. P. 8(a)(2).

19         A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the

20   plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support

21   a cognizable legal theory.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

22   1990).  While the court is to accept as true all the factual allegations in the complaint,

23   legally conclusory statements, not supported by actual factual allegations, need not be

24   accepted.  Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009); see also In re Gilead Scis. Sec.

25   Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

26         The allegations in the complaint "must be enough to raise a right to relief above the

27   speculative level[,]" and a motion to dismiss should be granted if the complaint does not

28   proffer enough facts to state a claim for relief that is plausible on its face.  Bell Atlantic

4

United States District Court

For the Northern District of California

1  Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted).  A

2  claim has facial plausibility when the plaintiff pleads factual content that allows the court to

3  draw the reasonable inference that the defendant is liable for the misconduct alleged."

4  Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the

5  court to infer more than the mere possibility of misconduct, the complaint has alleged – but

6  it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679.  Where dismissal is

7  warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved

8  by any amendment.  Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

9  B.    Defendants' Motions

10        1.    AUSD and AUSD Board's motion

11        AUSD and AUSD Board seek an order dismissing the claims asserted against them

12  for lack of subject matter jurisdiction and/or for failure to state a claim.  The causes of

13  action that are asserted against both AUSD and AUSD Board are the second (negligence),

14  fifth (Rehabilitation Act), sixth (ADA), seventh (IIED), and eighth (NIED).  In addition, the

15  fourth cause of action (Unruh Act) is also alleged against AUSD.

16        The only facts alleged against these two defendants are (a) as to AUSD, that AUSD

17  is a governmental subdivision of the State of California, that AUSD contracts with

18  California-certified agencies to provide special programming and services for children with

19  disabilities, that plaintiff gave AUSD "actual notice" of the allegedly improper containments

20  of DP during January 2013, that AUSD failed to intervene on DP's behalf, and that AUSD

21  failed to adequately train and supervise Tobinworld employees Curtin, Mosley, and Brown,

22  FAC ¶¶ 9, 44, 59-62; and (b) as to AUSD Board, that it was authorized and empowered to

23  make and enforce AUSD policies, that plaintiff gave the Board "actual notice" of the

24  allegedly improper containments of DP during January 2013, that the Board failed to

25  intervene on DP's behalf, and that the Board failed to adequately train and supervise

26  Tobinworld employees Curtin, Mosley, and Brown, FAC ¶¶ 10, 44, 59-62.

27        2.    Individual AUSD defendants' motion

28        The causes of action that are asserted against both Gill and Aghily are the second

1 (negligence), third (substantive due process under § 1983), fourth (Unruh Act), seventh

2 (IIED) and eighth (NIED).  In addition, the first cause of action (assault and battery) is also

3 alleged against Aghily.  It appears that these defendants are sued in both their "individual"

4 and "official" capacities (Gill as AUSD Superintendent of Education, and Aghily as Program

5 Specialist for Contra Costa SELPA) in all claims except the § 1983 claim and the Unruh Act

6 claim, where they are sued in their individual capacities only.

7      Apart from vague and generalized allegations against all "defendants," the only facts

8 alleged specifically against these two defendants are, as to Gill, that during January 2013,

9 plaintiff gave "actual notice" of the allegedly improper containments and improper

10 interventions to Gill, and that he failed to intervene on DP's behalf, FAC ¶ 44; and that

11 "defendants" (presumably including Gill) failed to adequately implement appropriate

12 policies and procedures for the training and supervision of "teachers" and "aides"

13 (presumably Tobinworld employees Turner, Curtin, Mosley, and Brown), FAC ¶ 79.

14      As to Aghily, the only facts alleged are that in November 2012, Aghily told plaintiff

15 that AUSD did not have district level programming or services for DP, and that plaintiff

16 should seek services through DP's psychiatrist, not the school district, which plaintiff claims

17 constituted an attempt by Aghily to mislead and conceal facts related to the provision of

18 special education programming and services, FAC ¶ 30; that the January 28 containment

19 incident occurred under Aghily's direction and with her knowledge, FAC ¶ 36; that Aghily

20 was aware of the February 1 containment of DP, but "did nothing to intervene[,]" FAC ¶ 42;

21 and that "defendants" (presumably including Aghily) failed to adequately implement

22 appropriate policies and procedures for the training and supervision of "teachers" and

23 "aides" (presumably Tobinworld employees Turner and Teacher's Aides Curtin, Mosley,

24 and Brown), FAC ¶ 79.

25      3.   Tobinworld defendants' motion

26      The causes of action that are asserted against Tobinworld are the second

27 (negligence), seventh (IIED), and eighth (NIED).  Plaintiff does not assert the third

28 (§ 1983 substantive due process) cause of action against Tobinworld, but does allege in

6

United States District Court

For the Northern District of California

1    that cause of action that "[d]efendants" (not identified – but presumably including the

2    individual Tobinworld defendants) "maintained a culture of abuse as well as an inadequate

3    custom and policy relating to the training and supervision of AUSD and Tobinworld's

4    administrators and staff as necessary to protect students like DP from harm."  FAC ¶ 70.

5          The individual Tobinworld defendants are Williams, Forghani, Turner, Mosley,

6    Curtin, and Brown.  The causes of action asserted against the individual defendants are the

7    first (assault and battery), second (negligence), third (substantive due process under

8    § 1983), fourth (Unruh Act), seventh (IIED) and eighth (NIED).  It appears that, except for

9    the § 1983 and Unruh Act claims, these individuals are sued in both their "individual" and

10   "official" capacities (Williams as VP and Behaviorist, Forghani as Principal, Turner as

11   Teacher, and Mosley, Curtin, and Brown as Teacher's Aides).  Defendants contend that

12   while Brown is identified as a Teacher's Aide in the FAC, she in fact is a Pro-Act®

13   Trainer/Program Specialist.

14         While the FAC is replete with facts alleged against unidentified "defendants," the

15   only facts alleged against specific individual Tobinworld defendants are (a) as to Williams,

16   that he was one of the individuals who "restrained" DP on January 28 and February 1, that

17   the containment incidents occurred with his knowledge, and that he did nothing to

18   intervene; (b) as to Forgani, that the January 28 and February 1 containment incidents

19   occurred under her direction and at her knowledge, that she knew about the February 1

20   incident but did nothing to intervene, and that she failed to adequately train and supervise

21   Curtin, Mosley, and Brown; (c) as to Turner, that she denied DP's request for a snack on

22   January 28, that the two containment incidents occurred under her direction and with her

23   knowledge, that she knew about the February 1 incident but did nothing to intervene, and

24   that she failed to adequately train and supervise Curtin, Mosley, and Brown; and (d) as to

25   Curtin, Mosley, and Brown, that they were among the Tobinworld employees who

26   contained DP on January 28 and February 1.

27   C.    Analysis

28         As the court indicated at the hearing, the FAC is deficient in that if fails to plead facts

United States District Court

For the Northern District of California

1  sufficient to support the necessary elements of a number of the causes of action; and the

2  facts that are alleged are frequently asserted against "defendants" without any indication of

3  which defendant is alleged to have done what.  In addition, plaintiff included numerous

4  purported facts in her opposition briefs which appear nowhere in the FAC.

5      The court finds that all the claims (with the exception of the common-law tort claims

6  asserted against the individual Tobinworld defendants) must be dismissed, as follows.

7      1.    The eighth (NIED) cause of action is duplicative of the second (negligence)

8  cause of action, see Potter v. Firestone Tire & Rubber Co., 6 Cal. 4th 965, 984 (1993), and

9  as such the eighth cause of action is DISMISSED as to all defendants.  The dismissal is

10  WITH PREJUDICE.

11      2.    The motion of AUSD and AUSD Board to dismiss the second (negligence),

12  fourth (Unruh Act), and seventh (IIED) causes of action based on Eleventh Amendment

13  immunity is GRANTED.  See Raygor v. Regents of Univ. of Minn., 534 U.S. 533, 541-42

14  (2002); Stoner v. Santa Clara Office of Education, 502 F.3d 1116, 1122 (9th Cir. 2007);

15  Brouillette v. Montague Elem. Sch. Dist., 2014 WL 2453036 at *2 (E.D. Cal. May 30, 2014).

16  The dismissal is WITH PREJUDICE.

17      3.    The motion of AUSD and AUSD Board to dismiss the ADA Title II claim based

18  on Eleventh Amendment immunity is DENIED, because the pleading is so deficient that the

19  court cannot tell whether the abrogation of Eleventh Amendment immunity for some ADA

20  Title II claims applies to this case.  See United States v. Georgia, 546 U.S. 151, 159

21  (2006); J.F. by Abel-Irby v. New Haven Unified Sch. Dist., 2014 WL 1614867 at*4 (N.D.

22  Cal. Apr. 22, 2014); E.H. v. Brentwood Union Sch. Dist., 2013 WL 5978008 at *5 (N.D. Cal.

23  Nov. 4, 2013).

24      4.    The motion of AUSD and AUSD Board to dismiss the ADA Title II and

25  Rehabilitation Act claims for failure to state a claim is GRANTED.  The dismissal is WITH

26  LEAVE TO AMEND, to allege facts sufficient to support each element of the claims.  See

27  E.R.K. ex rel. R.K. v. Hawaii Dep't of Educ., 728 F.3d 982, 992 (9th Cir. 2013); Duvall v.

28  County of Kitsap, 260 F.3d 1124, 1135 (9th Cir. 2001).  Plaintiff has adequately alleged that

United States District Court

For the Northern District of California

DP is an individual with a disability, which is the first element of each claim.  However, the remaining allegations as to these causes of action border on incomprehensible.

5.      As plaintiff concedes in her opposition, any claims asserted against Gill and Aghily in their official capacities must be DISMISSED for Eleventh Amendment immunity. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989); Pennhurst State Sch. and Hosp. v. Halderman, 465 U.S. 89, 100 (1984).  The dismissal is WITH PREJUDICE.      6.

Based on plaintiff's concession in her opposition, see Pltf's Opp. at 11:4-5, the claim of assault and battery asserted against Aghily in her individual capacity is also DISMISSED WITH PREJUDICE.

7.      The motion of Gill and Aghily to dismiss the second (negligence), fourth (Unruh Act), and seventh (IIED) causes of action asserted against them in their individual capacities, for failure to state a claim, is GRANTED.  The dismissal is with leave to amend, to allege facts supporting the elements of each of these causes of action.  See Mendoza v. City of Los Angeles, 66 Cal. App. 4th 1333, 1339 (1998); Nymark v. Heart Fed. Sav. & Loan Ass'n, 231 Cal. App. 3d 1089, 1095 (1991) (negligence); Wilkins-Jones v. Cnty. of Alameda, 859 F. Supp. 2d 1039, 1048 (N.D. Cal. 2012) (Unruh Act); Potter, 6 Cal. 4th at 1001 (IIED).

8.      The motion of Gill and Aghily to dismiss the third (§ 1983) cause of action asserted against them in their individual capacities, for failure to state a claim, is GRANTED.  To state a claim under § 1983, a plaintiff must allege (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934-35 (9th Cir. 2002).

To be liable under § 1983, the defendant's actions must have caused the alleged violation.  That is, "[i]n order for a person acting under color of state law to be liable under section 1983, there must be a showing of personal participation in the alleged rights deprivation . . . ."  Jones, 297 F.3d at 935; see also Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

United States District Court
For the Northern District of California

1   Plaintiff has identified no affirmative conduct on the part of either Gill or Aghily that could

2   support her § 1983 due process claim – whether direct or supervisory.  There is no

3   respondeat superior liability under § 1983.  See Monell v. Dep't of Soc. Servs., 436 U.S.

4   658, 691 (1978).  Under the standard set forth in Iqbal, the FAC fails to allege facts

5   showing that either Gill or Aghily violated DP's due process rights.

6       Plaintiff appears to be alleging that Gill and Aghily are liable for their failure to

7   intervene and "protect" DP from actions taken by the Tobinworld defendants.  If anything,

8   this qualifies as an "omission."  "[T]he general rule is that [a] state is not liable for its

9   omissions." Munger v. City of Glasgow Police Dep't, 227 F.3d 1082, 1086 (9th Cir. 2000).

10  "As a corollary, the Fourteenth Amendment typically does not impose a duty on the state to

11  protect individuals from third parties." Patel v. Kent Sch. Dist., 648 F.3d 965, 971 (9th Cir.

12  2011) (quotation omitted).

13      Put another way, § 1983 does not impose liability for violations of duties of care

14  arising out of state tort law. DeShaney v. Winnebago County Social Servs. Dep't, 489 U.S.

15  189, 201-03 (1989); Baker v. McCollan, 443 U.S. 137, 146 (1979).  The Due Process

16  Clause is not implicated by a state official's negligent act causing unintended loss or injury

17  to life, liberty, or property. See Daniels v. Williams, 474 U.S. 327 (1986); Davidson v.

18  Cannon, 474 U.S. 344 (1986).

19      There are two exceptions to this rule – 1) when a "special relationship" exists

20  between the plaintiff and the state ("special relationship exception"), see DeShaney, 489

21  U.S. at 198-02 (1989); and 2) when the state affirmatively places the plaintiff in danger by

22  acting with "deliberate indifference" to a "known or obvious danger" ("state-created danger

23  exception"), see L.W. v. Grubbs, 92 F.3d 894, 900 (9th Cir. 1996).  If either exception

24  applies, a state's omission or failure to protect may give rise to a § 1983 claim." Patel, 648

25  F.3d at 972.

26      In claims of constitutional due process violations, the "special relationship" exception

27  applies when a state "takes a person into its custody and holds him there against his will."

28  DeShaney, 489 U.S. at 199-200.  The types of custody triggering this exception are

1  "incarceration, institutionalization, or other similar restraint of personal liberty." Id. at 200.

2  "Compulsory school attendance and in loco parentis status do not create "custody" under

3  the strict standard of DeShaney." Patel, 649 F.3d at 973.

4          The "state-created danger" exception applies when there is "affirmative conduct on

5  the part of the state in placing the plaintiff in danger," and the state acts with "deliberate

6  indifference" to a "known or obvious danger." Id. at 974 (internal citation omitted).

7  "Deliberate indifference" is a "stringent standard of fault, requiring proof that a municipal

8  actor disregarded a known or obvious consequence of his action." Bryan Cnty. v. Brown,

9  530 U.S. 397, 410 (1997).  To prove that a state official acted with deliberate indifference, a

10 plaintiff must show the person "recognize[d] the unreasonable risk and actually intend[ed]

11 to expose the plaintiff to such risks without regard to the consequences to the plaintiff."

12 Grubbs, 92 F.3d at 899 (citation omitted).

13         Gill and Aghily cannot be liable for any actions taken by the Tobinworld defendants

14 unless one of the two exceptions described above applies.  The "special relationship"

15 exception does not apply under the facts alleged because DP was not "in custody."  See

16 Patel, 649 F.3d at 973.  The "state-created danger" exception is also not applicable here,

17 as plaintiff has not alleged any facts showing that Gill or Aghily – as individuals –

18 recognized that any of the Tobinworld defendants posed any danger to DP, or actually

19 intended to expose him to the risks posed (if any).  Thus, since neither of these exceptions

20 applies, plaintiff fails to state a substantive due process claim against either Gill or Aghily

21 based on "failure to intervene" or "failure to protect."

22         Nevertheless, while it seems doubtful that plaintiff will be able to state a claim, the

23 court will allow plaintiff LEAVE TO AMEND the § 1983 cause of action against Gill and

24 Aghily to plead facts showing either direct or supervisory liability.

25         9.      The individual Tobinworld defendants' motion to dismiss the third (§ 1983)

26 cause of action for failure to state a claim is GRANTED.  Section 1983 does not apply to

27 the conduct of private parties.  Kirtley v. Rainey, 326 F.3d 1088, 1092 (9th Cir. 2003).  That

28 is, the "[t]he state-action element in § 1983 'excludes from its reach merely private conduct,

United States District Court

For the Northern District of California

United States District Court

For the Northern District of California

1  no matter how discriminatory or wrongful.'" <u>Caviness v. Horizon Community Learning</u>

2  <u>Center, Inc.</u>, 590 F.3d 806, 812 (9th Cir.2010) (quoting <u>American Manufacturers Mut. Ins.</u>

3  <u>Co. v. Sullivan</u>, 526 U.S. 40, 50 (1999)).  As employees of Tobinworld, a private school, the

4  individual Tobinworld defendants are presumably not state actors.

5       In limited circumstances, a private party's conduct could constitute state action for

6  purposes of imposing liability on that party under § 1983.  Courts recognize four tests used

7  to identify private action that qualifies as state action:  (1) public function; (2) joint action;

8  (3) governmental compulsion or coercion; and (4) governmental nexus.  <u>Kirtley</u>, 326 F.3d at

9  1092-95.  The fundamental consideration in each test is whether the private conduct is

10  fairly attributable to the state.  <u>Id.</u> at 1092; <u>see also</u> <u>Morse v. North Coast Opportunities,</u>

11  <u>Inc.</u>, 118 F.3d 1338, 1340 (9th Cir. 1997).

12       The dismissal is WITH LEAVE TO AMEND to allege the elements of a claim under §

13  1983, including that each defendant is a state actor.  Allegations that Tobinworld had a

14  contractual relationship with AUSD, that it received state and federal funds, and that it was

15  subject to state regulation are insufficient to show satisfy the requirement of pleading that

16  Tobinworld is a state actor.  <u>See</u> <u>Rendell-Baker v. Kohn</u>, 457 U.S. 830, 840-42 (1982);

17  <u>Morse v. North Coast Opportunities, Inc.</u>, 118 F.3d 1338, 1341 (9th Cir. 1997).  Plaintiff

18  must specify the applicable test, and must allege facts as to each defendant showing that

19  he/she qualified as a state actor.  <u>See</u>, <u>e.g.</u>, <u>Lee v. Katz</u>, 276 F.3d 550, 554-55 (9th Cir.

20  2002) ("public function" test); <u>Crowe v. County of San Diego</u>, 608 F.3d 406, 440 (9th Cir.

21  2010) ("joint action" test); <u>Sutton v. Providence St. Joseph Med. Ctr.</u>, 192 F.3d 826, 836-41

22  (9th Cir. 1999) ("governmental compulsion" test); <u>Villegas v. Gilroy Garlic Festival Assoc.</u>,

23  541 F.3d 950, 955 (9th Cir. 2008) ("nexus" test).

24       10.    The individual Tobinworld defendants' motion to dismiss the fourth (Unruh

25  Act) claim is GRANTED, based on plaintiff's concession in her opposition and her failure to

26  oppose the motion.  <u>See</u> Pltf's Opp. at 17:7-10.  The dismissal is WITH PREJUDICE.

27       11.    The individual Tobinworld defendants' request that the court decline to

28  exercise supplemental jurisdiction over the first (assault/battery), second (negligence, and

1   seventh (IIED) causes of action, pursuant to 28 U.S.C. § 1367(c)(3) is DENIED, given that

2   leave to amend the federal claims has been granted.

3       12.    No later than October 15, 2014, plaintiff shall file a proof of service showing

4   service of the summons and complaint on defendant David Wax.  If such proof of service is

5   not filed, the court will dismiss Wax pursuant to Federal Rule of Civil Procedure 4(m).

6                                    **CONCLUSION**

7       In accordance with the foregoing, defendants' motions are GRANTED.  The

8   dismissal is WITH LEAVE TO AMEND only as indicated above.  The second amended

9   complaint must be filed no later than October 22, 2014.  No new claims or parties may be

10  added without leave of court.

11      In addition, the amended complaint must clarify, as to all individual defendants,

12  whether they are being sued in their official capacities, their individual capacities, or both,

13  under each cause of action.  Further, the amended complaint must state in each cause of

14  action what it is that each individual defendant is alleged to have done, and those

15  defendants must be listed in the heading of each cause of action.  It is not sufficient to

16  simply refer to "defendants" collectively.

17

18  **IT IS SO ORDERED.**

19  Dated:  September 26, 2014

20                                    _____
                                      PHYLLIS J. HAMILTON
21                                    United States District Judge

22

23

24

25

26

27

28

United States District Court
For the Northern District of California