UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIANNE PANTELL,

    Plaintiff,

    v.

ANTIOCH UNIFIED SCHOOL DISTRICT, et al.,

    Defendants.

_____/

No. C 14-1381 PJH

**ORDER DISMISSING DEFENDANT DAVID M. WAX FOR LACK OF SERVICE**

At the September 24, 2014 hearing on defendants' motions to dismiss the first amended complaint in the above-entitled action, the court asked about the status of service of the summons and complaint on defendant David M. Wax ("Wax"), who has made no appearance in the case. Plaintiff's counsel responded that "we have been there at least six times," and that Wax was avoiding service. The court ordered plaintiff to file a proof of service by October 15, 2014, showing service of the summons and complaint on Wax, and warned that failure to file the proof of service would result in Wax being dismissed from the case.

The day the proof of service was due, plaintiff filed a report stating that service had been attempted numerous times, without success, and that plaintiff had "reason to believe" that Wax has been avoiding service. Plaintiff did not specify the reason, noting only that Wax "has been named in multiple previous matters before this and other Courts," and then citing one case filed in this district in 2013 – Evans v. AUSD, C-13-1476 LB. Plaintiff also

asserted that "although no one has answered the door at the residence, there has [sic] been signs of activity such as lights being on inside and a dog barking."

The "Affidavit of Reasonable Diligence" submitted with plaintiff's status report shows eight "attempts" at service between September 4, 2014 and September 25, 2014, plus a further attempt during a two-hour "stakeout" on October 14, 2014.  Seven of the attempts were made before the September 24 hearing – on September 4, September 7, September 10, September 14, September 17, September 20, and September 22.  Following the hearing, two additional attempts were made – once on September 25, and then again during the two-hour "stakeout" on October 14 (the day before the proof of service was due).

According to the "Affidavit of Reasonable Diligence,"[1] on three of those occasions (September 10, September 17, and September 20), the process server heard a dog barking inside the residence.  On the other occasions, there is no mention of a dog, and three of those entries (September 14, September 22, September 25) include the notation, "No dog."  On five occasions (September 4, September 7, September 20, September 22, and the two-hour stakeout on October 14), the process server specifically states "No cars," and on one other occasion (September 17), he states, "I never see any cars."  On two occasions (September 7 and September 10), the process server states that lights are on inside; he does not mention lights (on or off) in any other entry.  The person who conducted the two-hour "stakeout" on a Tuesday afternoon, states that all he saw (apart from "no cars" and "no one came or went from the house") was a FedEx truck delivering something to the house across the street.

Plaintiff seeks an extension of time to serve Wax, or, in the alternative, an order authorizing service by publication.  Plaintiff's request is DENIED.  The court finds that Wax

---

[1] The person who signed the Affidavit is John M. Butler of D&T Legal Services. However, while the Affidavit says Butler was the individual who attempted service during the two-hour stakeout, it also says that another individual, Edwin Blama, is the person who attempted service on all other occasions (September 4, September 7, September 10, September 14, September 17, September 20, September 22, September 25). The Affidavit is not signed by Blama.

2

must be dismissed from the case pursuant to Federal Rule of Civil Procedure 4(m), as plaintiff has failed to show diligence in attempting to serve him.

The original complaint, in which Wax was named as a defendant, was filed on March 25, 2014.  Under Rule 4(m), "[i]f a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specific time." Fed. R. Civ. P. 4(m).  If, however, "the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. "Good cause" is generally equated with "diligence." Townsel v. Contra Costa Cnty., Cal., 820 F.2d 319, 320 (9th Cir. 1987). A showing of good cause requires more than inadvertence or mistake of counsel. Id.  "[A]t a minimum, good cause means excusable neglect." In re Sheehan, 253 F.3d 507, 512 (9th Cir. 2001) (quotation omitted).

Here, plaintiff has made no showing of good cause for failure to serve.  She made no attempt at service prior to the expiration of the 120 days for service prescribed by Rule 4(m).  According to counsel's statement at the September 24, 2014 hearing, "at least" six attempts at service had been made by the time of the hearing.  The Affidavit in fact shows seven attempts prior to the hearing – the first having been made on September 4, 2014, which is approximately six weeks after the 120-day period had expired.

Moreover, plaintiff's process server made only two further attempts at service after the September 24, 2014 hearing where the court stated that Wax would be dismissed if a proof of service was not filed by October 15, 2014.  One of those two attempts was made the day after the hearing, and then no further attempts for the next 19 days – until October 14, the day before the proof of service was due.

Plaintiff claims to have "reason to believe" that Was has been avoiding service.  The fact that a process server goes to a residence and attempts service, but finds lights out and no cars, and receives no response at the door, is not an indication that the defendant is evading service.  Moreover, in this case, there is no indication that either of the process servers found any indication that someone was actually at home but was avoiding service.

3

A dog barking is meaningless, as is the fact that lights are on.  Similarly, the fact that a delivery is made to a neighboring residence does not indicate that someone in the target residence was avoiding service.

Finally, the Affidavit is not signed by the person who made most of the alleged attempts at service.  The person who signed it (John M. Butler) was apparently there on only one occasion – during the two-hour "stakeout" on a Tuesday afternoon – and he stated that "no one came or went from the house."  Eight of the nine purported attempts at service were made by Edwin Blama, who has not signed the Affidavit.

Plaintiff has now had seven months (three months past the 120 days) to serve Wax, but has not done so, and has not demonstrated diligence in attempting to serve him. Plaintiff's counsel states in the status report that "[p]laintiff has mailed a copy of the [s]ummons, [c]omplaint, and all relevant documents" to Wax with an attached Notice of Acknowledgment and Receipt, but there is no declaration by counsel, and no indication as to when it was mailed.  In any event, the mailing of a waiver of service does not extend the 120-day time limit for service to avoid dismissal of the action.

Given that plaintiff did not even begin to <u>attempt</u> service until after the 120-day period had expired, and that she made only two additional attempts after being advised at the hearing that the court would dismiss Wax if the proof of service was not filed by October 15, and also given that plaintiff has provided no proof that Wax (or any competent adult) was at the residence when the attempts were made, the court finds plaintiff has not shown any "cause," let alone "good cause."

Finally, plaintiff has also requested leave to serve Wax by publication.  Service by publication is permissible under California law in certain circumstances:

> (a) A summons may be served by publication if upon affidavit it appears to the satisfaction of the court in which the action is pending that the party to be served cannot with reasonable diligence be served in another manner specified in this article and that ...
>
> (1) A cause of action exists against the party upon whom service is to be made or he or she is necessary or proper party to the action.

Cal. Code Civ. Proc. § 415.50.  Here, plaintiff has made no showing that Wax cannot with

reasonable diligence be served in a manner authorized under California law (<u>e.g.</u>, personal service, substituted service) – particularly given her failure to demonstrate reasonable diligence in attempting to serve him at his residence or in attempting to locate him in some other manner. Thus, she has no basis upon which to seek to serve him by publication.

In accordance with the foregoing, defendant David Wax is hereby DISMISSED from the action.

**IT IS SO ORDERED.**

Dated: October 20, 2014

PHYLLIS J. HAMILTON
United States District Judge

5