UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ADRIANNE PANTELL,

    Plaintiff,

    v.

ANTIOCH UNIFIED SCHOOL DISTRICT, et al.,

    Defendants.

No. C 14-1381 PJH

**ORDER GRANTING MOTIONS TO DISMISS**

Defendants' motions to dismiss the above-entitled action came on for hearing before this court on February 4, 2014. Plaintiff appeared by her counsel Andrea Tytell, and defendants appeared by their counsel Barbara Lyons. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court hereby GRANTS the motions as follows.

## BACKGROUND

Plaintiff AdriAnne Pantell brings this action as guardian ad litem for DP, asserting claims under federal and state disability and civil rights laws and common law tort claims. The defendants remaining in the case are Antioch Union School District ("AUSD"); Board of Education of the AUSD ("AUSD Board"); Dr. Donald Gill ("Gill"), Superintendent of AUSD; Tobinworld, a non-public school; Mike Williams ("Williams"), Vice President and Behaviorist for Tobinworld; Sara Forghani ("Forghani"), Principal of Tobinworld; Teresa Turner ("Turner"), Teacher at Tobinworld; and three Teacher's Aides at Tobinworld – Charee

Mosley ("Mosley"), Ashley Curtin ("Curtin") and Stephanie Brown ("Brown").

DP, who is plaintiff's son, was born in October 2004. SAC ¶ 7. He suffers from an emotional disturbance that qualifies him for special education services. Id. Tobinworld, a California-certified, non-profit, non-public school that offers special education and behavioral services to profoundly disabled students, is located in Antioch, California. SAC ¶¶ 7, 13. Tobinworld was approved by AUSD to provide special education and related services to DP. Id.

DP was enrolled at Tobinworld for four weeks – from January 7 to February 1, 2013. SAC ¶ 29. Plaintiff alleges that during that time, DP was restrained, humiliated, and denied use of the bathroom, recess, and nourishment. Id. While plaintiff contends that these events occurred "on an almost daily basis," the only two dates as to which any facts are alleged are Monday, January 28, 2013 and Friday, February 1, 2013. See SAC ¶¶ 29-30, 32-34, 36-42.

Plaintiff asserts that Turner, Curtin, Mosley, and Brown participated in all of the unwarranted restraints, instances of humiliation, and denial of bathroom privileges, recess, and nourishment, and that the restraints and denials were implemented and accomplished at Williams' direction. SAC ¶ 29. Plaintiff also alleges that the foregoing occurred "under the direction and/or with the knowledge of" Gill, Forghani, Williams, and Turner. SAC ¶¶ 34, 43. She claims that as a result of this treatment, DP suffered emotional distress, and physical injuries such as a bloody nose and bruises. SAC ¶ 33, 38.

Plaintiff asserts that "[d]]uring mid-January 2013" (approximately two weeks prior to the January 28th and February 1st incidents) she gave "actual notice and specific details" of the restraints and inappropriate interventions to AUSD, AUSD Board, Gill, and Forghani – each of whom, she alleges, "failed to intervene on behalf of DP to insure that he was safely educated and his bodily integrity preserved." SAC ¶ 43.

Plaintiff filed the original complaint on March 25, 2014. Defendants moved to dismiss; in response, plaintiff filed a first amended complaint ("FAC"). Three groups of defendants filed motions to dismiss, and on September 26, 2014, the court issued an order

granting the motions in part and denying them in part.

On October 22, 2014, plaintiff filed the second amended complaint ("SAC"), asserting claims of (1) assault and battery (against Williams, Turner, Curtain, Mosley, Brown); (2) negligence (against Tobinworld, Forghani, Williams, and Turner); (3) violation of substantive due process, under 42 U.S.C. § 1983 (against Gill, in his individual capacity); (4) violation of § 504 of the Rehabilitation Act, 29 U.S.C. § 701, et seq. (against AUSD and AUSD Board); (5) violation of Title II of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. (against AUSD and AUSD Board); and (6) intentional infliction of emotional distress (against Tobinworld, Forghani, Williams, Turner, Curtin, Mosley, and Brown).

Before the court is the motion of Dr. Gill to dismiss the § 1983 cause of action for failure to state a claim; the motion of AUSD and AUSD Board to dismiss the Rehabilitation Act claim and the ADA claim for failure to state a claim, and to dismiss the ADA claim for lack of subject matter jurisdiction; and the motion of the Tobinworld defendants to dismiss the action under 28 U.S.C. § 1367(c).

**DISCUSSION**

A.  Legal Standards

　　1.　Dismissal for failure to state a claim

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests for the legal sufficiency of the claims alleged in the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).  Review is generally limited to the contents of the complaint, although the court can also consider a document on which the complaint relies if the document is central to the claims asserted in the complaint, and no party questions the authenticity of the document.  See Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007).

To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of Federal Rule of Civil Procedure 8, which requires that a complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2)

A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory. Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  While the court is to accept as true all the factual allegations in the complaint, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Ashcroft v. Iqbal, 556 U.S. 662, 678–79 (2009); see also In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055 (9th Cir. 2008).

The allegations in the complaint "must be enough to raise a right to relief above the speculative level[,]" and a motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 558-59 (2007) (citations and quotations omitted).  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citation omitted).  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" Id. at 679.  Where dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 2005).

2.	Dismissal for lack of subject matter jurisdiction

Federal courts are courts of limited jurisdiction, possessing only that power authorized by Article III of the United States Constitution and statutes enacted by Congress pursuant thereto. See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986).  Thus, federal courts have no power to consider claims for which they lack subject-matter jurisdiction. See Chen-Cheng Wang ex rel. United States v. FMC Corp., 975 F.2d 1412, 1415 (9th Cir. 1992).

The court is under a continuing duty to dismiss an action whenever it appears that the court lacks jurisdiction. Id.; see also Spencer Enters., Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003); Attorneys Trust v. Videotape Computers Prods., Inc., 93 F.3d 593,

4

594-95 (9th Cir. 1996).  The burden of establishing that a cause lies within this limited jurisdiction rests upon the party asserting jurisdiction.  Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994).

B.     Defendants' Motions

    1.     Gill's motion

The SAC alleges a single cause of action against Dr. Donald Gill, in his individual capacity as Superintendent of AUSD – a claim of violation of substantive due process, under 42 U.S.C. § 1983, based on the restraints, behavioral interventions, and other actions allegedly taken by the Tobinworld defendants.  No defendant other than Gill is named in the § 1983 claim.  The court previously dismissed this cause of action for failure to state a claim, with leave to amend, and Gill again seeks an order dismissing the claim.

To state a claim under § 1983, a plaintiff must allege that a right secured by the Constitution or laws of the United States was violated, and that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934-35 (9th Cir. 2002).  A person acting under color of state law can be liable under § 1983 only if he personally participated in the alleged rights deprivation and his actions caused the alleged violation.  See Jones, 297 F.3d at 935; see also Estate of Brooks v. United States, 197 F.3d 1245, 1248 (9th Cir. 1999); Taylor v. List , 880 F.2d 1040, 1045 (9th Cir. 1989).

There is no respondeat superior liability under § 1983.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).

> Supervisory liability may be imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others.

Preschooler II v. Clark County Sch. Bd. of Trustees, 479 F.3d 1175, 1183 (9th Cir. 2007) (citation and quotation omitted).  In short, a supervisor is liable under § 1983 for the acts of his subordinates only if the supervisor participated in or directed the violations of subordinates, or knew of the violations and failed to prevent them.  Id. at 1182.

5

In the September 26, 2014 order, the court granted Gill's motion to dismiss the § 1983 claim asserted against him in his individual capacity, for failure to state a claim. The court found that plaintiff had alleged no affirmative conduct on Gill's part that could support a § 1983 substantive due process claim – whether direct or supervisory. At most, the court concluded, plaintiff had alleged that Gill failed to "intervene" and "protect" DP from actions taken by the Tobinworld defendants.

In the SAC, plaintiff alleges that "[a]s a full time participant in all [AUSD Board] meetings, . . . Gill knew of claims of abuse relating to other children" who attended Tobinworld prior to the time DP was enrolled in the school. SAC ¶ 12; see also SAC ¶ 68. She claims that the January 28, 2012 confinement occurred "under the direction and or with the knowledge of Gill." SAC ¶ 34. She also asserts that "[d]uring mid-January 2013," she provided Gill and the school district with "actual notice" and "specific details of the restraints and improper interventions condoned and/or directed by" individual Tobinworld defendants. SAC ¶ 43. She alleges that Gill and AUSD "failed to intervene." Id.

Gill argues that the § 1983 substantive due process claim should be dismissed because plaintiff allege no facts showing his direct participation in the allegedly improper containment incident(s); because plaintiff fails to plead a claim against him for supervisory liability; and because plaintiff fails to allege any facts sufficient to establish either of the exceptions to the general rule that a governmental entity does not owe a duty to protect against private conduct. The court finds that the motion must be GRANTED.

Plaintiff does not allege that Gill had any direct personal involvement in the alleged incidents involving DP at Tobinworld. Rather, the gist of the claim is that Gill is liable as a supervisor, and because he "failed to intervene." Supervisory liability can be imposed against a supervisory official for his failure to supervise or control his subordinates. Here, Tobinworld is a non-public school, and there are no allegations in the SAC showing that the Tobinworld defendants were Gill's subordinates.

Nor are there allegations showing that Gill's duties as AUSD Superintendent required or even permitted him to engage in employee-level supervision over the

6

Tobinworld employees who allegedly carried out the actions of which plaintiff complains. It is not enough to suggest, as plaintiff does here, that as Superintendent of the entire school district, Gill had broad oversight responsibilities, including over employees of a non-public school. Plaintiff is required to plead facts showing that Gill had direct responsibility to train or supervise the teachers, aides, and other personnel at Tobinworld. See Henry A. v. Willden, 678 F.3d 991, 1004 (9th Cir. 2012). Plaintiff has failed to allege such facts.

The gist of the SAC remains that Gill is liable for his failure to intervene and "protect" DP from actions taken by the Tobinworld defendants. See, e.g., SAC ¶¶ 43, 69, 75, 76. However, the Fourteenth Amendment typically does not impose a duty on the state to protect individuals from third parties." Patel v. Kent Sch. Dist., 648 F.3d 965, 971 (9th Cir. 2011) (quotation omitted); see also DeShaney v. Winnebago County Soc. Servs. Dep't, 489 U.S. 189, 201-03 (1989). In particular, § 1983 does not impose liability for violations of duties of care arising out of state tort law. DeShaney, 489 U.S. at 201-03; Baker v. McCollan, 443 U.S. 137, 146 (1979). The Due Process Clause is not implicated by a state official's negligent act causing unintended loss or injury to life, liberty, or property. See Daniels v. Williams, 474 U.S. 327 (1986); Davidson v. Cannon, 474 U.S. 344 (1986).

There are two exceptions to this general rule – 1) when a "special relationship" exists between the plaintiff and the state ("special relationship exception"), see DeShaney, 489 U.S. at 198-02 (1989); and 2) when the state affirmatively places the plaintiff in danger by acting with "deliberate indifference" to a "known or obvious danger" ("state-created danger exception"), see L.W. v. Grubbs, 92 F.3d 894, 900 (9th Cir. 1996). If either exception applies, a state's omission or failure to protect may give rise to a § 1983 claim." Patel, 648 F.3d at 972.

In the SAC, plaintiff alleges that Gill "in his individual capacity is liable to DP because he shared a special relationship with him," claiming that "[i]n light of his knowledge of" unspecified prior complaints about Tobinworld, "once armed with actual, bona fide and specific knowledge of the harm and abuse suffered by DP," Gill had "an affirmative duty to protect DP from the known and obvious dangers he faced at [Tobinworld] rather than

7

turning a blind eye and engaging in deliberate indifference to the known, obvious and unwarranted harm." SAC ¶ 71.

In the September 26, 2014 order, the court found neither of the two exceptions applicable, based on the facts alleged. The court found that the "special relationship" exception does not apply because DP was not "in custody." See DeShaney, 489 U.S. at 199-200; Patel, 649 F.3d at 973. The types of custody triggering this exception are "incarceration, institutionalization, or other similar restraint of personal liberty." DeShaney, 489 U.S. at 200. Plaintiff alleges in the SAC that the doctrine of "in loco parentis" applies to all defendants, and "imposes a special duty upon all of the [d]efendants . . . to protect the rights, health, safety, and welfare of DP while he was entrusted to their care for educational purposes." SAC ¶¶ 22-23. However, "[c]ompulsory school attendance and in loco parentis status do not create 'custody' under the strict standard of DeShaney." Patel, 649 F.3d at 973.

The court also found that the "state-created danger" exception does not apply. The state-created danger exception applies when there is "affirmative conduct on the part of the state in placing the plaintiff in danger," and the state acts with "deliberate indifference" to a "known or obvious danger." Id. at 974 (internal citation omitted). "Deliberate indifference" is a "stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." Bryan Cnty. v. Brown, 530 U.S. 397, 410 (1997); see also Solis v. County of Los Angeles, 514 F.3d 946, 957 (9th Cir. 2008); Grubbs, 92 F.3d at 899.

Here, plaintiff has alleged no facts showing that Gill (as an individual) recognized that any of the Tobinworld defendants posed any danger to DP, or actually intended to expose him to the risks posed (if any). Plaintiff makes vague references to "claims" and "reports" of prior incidents involving other students at Tobinworld, and to Gill's "actual knowledge" of such claims or reports, see, e.g., SAC ¶¶ 69, 71, 76, but provides no specifics and does not distinguish between the hearing of accusations and knowledge of facts.

8

Moreover, the allegation that sometime in mid-January 2013 plaintiff gave "actual notice and specific details of the restraints and [allegedly] inappropriate interventions" at Tobinworld to Gill and others, SAC ¶ 44, is vague and conclusory.  She provides not a single detail about any allegedly improper act that pre-dated mid-January 2013, and does not specify what facts, if any, she conveyed to Gill or others, or when, or by what means.  Thus, it is impossible to ascertain what it is that plaintiff contends that Gill knew, or when.

Because neither of the exceptions described above applies, plaintiff fails to state a substantive due process claim against Gill based on "failure to intervene" or "failure to protect."  Given that this is the third iteration of the complaint, and also given that the court previously provided clear instructions as to what plaintiff needed to allege in order to state a claim and that the allegations are still deficient, the court finds that further amendment would be futile.  The dismissal is with prejudice.

    2.    AUSD and AUSD Board's motion

        a.    Failure to state a claim as to § 504 and ADA claims

Plaintiff alleges disability discrimination against AUSD and AUSD Board, under § 504 of the Rehabilitation Act and Title II of the ADA.  Defendants seek an order dismissing both causes of action for failure to state a claim, and an order dismissing the ADA claim for lack of subject matter jurisdiction, based on Eleventh Amendment immunity.

First, defendants contend that both causes of action should be dismissed for failure to state a claim.  Under § 504 of the Rehabilitation Act, "[n]o otherwise qualified individual with a disability in the United States, . . . shall, solely by reason of his or her disability, be excluded from  participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance . . . ."  29 U.S.C. § 794.  Similarly, under Title II of the ADA, "[n]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."  42 U.S.C. § 12132.

        To state a claim of disability discrimination under ADA Title II, the plaintiff must

9

allege facts showing that he is "an individual with a disability;" that he is "otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities;" that he "was either excluded from participation in or denied the benefits of the public entity's services, programs, or activities, or was otherwise discriminated against by the public entity:" and that "such exclusion, denial of benefits, or discrimination was by reason of [his] disability." McGary v. City of Portland, 386 F.3d 1259, 1265 (9th Cir. 2004). Section 504 of the Rehabilitation Act creates the same rights and obligations as Title II of the ADA. Wong v. Regents of Univ. of Cal., 410 F.3d 1052, 1055 n. 1 (9th Cir. 2005); see also Duvall v. County of Kitsap, 260 F.3d 1124, 1135-36 (9th Cir. 2002) (no significant difference in the analysis of the rights and obligations under the two statutes).

In the September 26, 2014 order, the court dismissed the § 504 and ADA causes of action, with leave to amend to allege facts sufficient to support each element of the claims. The court found that plaintiff had adequately alleged that DP is an individual with a disability, which is the first element of each claim, but that the allegations as to the remaining elements were insufficient. The court also denied defendants' motion to dismiss the ADA claim based on Eleventh Amendment immunity, with leave to amend.

Plaintiff alleges in the SAC that DP was "profoundly disabled" and qualified to receive special education services during the relevant period, SAC ¶ 7, and that AUSD receives federal funds for its special education programs, SAC ¶ 9. Plaintiff asserts that AUSD and AUSD Board had knowledge of previous claims of harm and abuse suffered by special needs children they had sent to Tobinworld, and that she herself informed AUSD and AUSD Board in "mid-January 2013" about the actual incidents of unwarranted restrains, harm, and abuse suffered by DP at Tobinworld. SAC ¶ 83.

Nevertheless, plaintiff alleges, AUSD and AUSD Board "failed to investigate and/or undertake a course of action that would ameliorate and rectify the unwarranted behavioral interventions that impeded DP's access to the educational process." SAC ¶ 84. Plaintiff asserts that "[b]y turning a blind eye to the consistent claims of harm and abuse to AUSD's children, including DP, AUSD and [AUSD Board] acted under color of State and Federal

10

law thus discriminating and retaliating against DP on the basis of his well documented neurological, mental and physical impairments." SAC ¶ 85.

Plaintiff claims that DP required certain accommodations in order to access the educational process, including a quiet, hostility free and peaceful educational environment; numerous breaks during the school day; consistent nutrition; use of bathroom facilities on an as-needed basis; patient, direct instruction; preview and review of educational materials; extended time on tests and assignments; and recess at least twice a day to exercise his large muscle groups and to burn off stored energy. See SAC ¶ 86. However, she asserts, rather than receiving these accommodations, "DP's school day was fraught with isolation, hostility, anger and no access to the educational process" – facts she claims "became well known to AUSD and AUSD [Board] in mid-January at which time AUSD and AUSD [Board] elected to turn a blind eye to them as they engaged in their deliberate indifference which subjected DP to further abuse and harm." SAC ¶ 87.

She alleges that "[i]n light of past claims of harm and abuse inflicted on prior AUSD students sent to [Tobinworld] and when armed with specific knowledge that DP was also being harmed," AUSD and AUSD Board should have taken immediate corrective action, and that in failing to do so, they "acted with gross misjudgment and deliberate indifference which impeded and disallowed DP's access to the curriculum and educational process." SAC ¶ 89.

In the ADA cause of action (which also incorporates the prior allegations from SAC ¶¶ 1-90), plaintiff alleges, on information and belief, that AUSD and AUSD Board "maintain an official policy, practice and custom of not following laws and regulations pertaining to the implementation of special education and related services, including prescribed positive behavioral interventions for students with difficult and non-preferred behaviors even if such behaviors are a known manifestation of a child's well-documented disability." She also asserts, on information and belief, that AUSD and AUSD Board maintain an unofficial policy of turning a blind eye to claims of harm and abuse to students at [Tobinworld] who require non-public school placement." SAC ¶ 96.

Plaintiff alleges further that "AUSD and [AUSD Board]'s calculated indifference, after being fully informed of the repeated restraints and denial of basic human rights suffered by DP created an act of discrimination against DP because of his known disabilities," and that "[a]s a result, DP was impeded from accessing the curriculum and the educational process." SAC ¶ 98. She asserts that "[a]s a direct and proximate result of acts and omissions alleged above, AUSD and [AUSD Board] denied DP participation and enjoyment of the benefits from the services of a public entity, all in violation of Title II of the ADA," and that "[d]efendants intentionally discriminated against DP on the basis if [sic] his disabilities and excluded him from the aforementioned services." SAC ¶¶ 98-99.

In their motion, defendants contend that the pleading of these two causes of action remains insufficient. They assert that plaintiff alleges no facts showing that AUSD or AUSD Board took any action to exclude DP from AUSD's special education program, and no facts showing that any act taken by AUSD or AUSD Board was solely motivated by DP's disability. Rather, they assert, these claims are grounded on a perceived failure by AUSD and AUSD Board to protect DP from the private Tobinworld defendants' allegedly improper restraints and other harmful behavior. Defendants contend that under DeShaney, neither AUSD nor AUSD Board owed DP that duty.

Defendants contend that plaintiff fails to allege facts sufficient to hold AUSD and AUSD Board for the actions allegedly taken against DP at Tobinworld. They argue that both the allegation of an "official policy, practice and custom" of not following laws and regulations, and the allegation of an "unofficial policy" of turning a blind eye to claims of harm and abuse, are formulaic and unsupported by any facts. More specifically, they assert, there are no allegations tying those sweeping assertions to the allegedly improper containment episodes at Tobinworld, a private school.

In opposition, plaintiff takes issue with defendants' assertion that the FAC fails to allege intentional discrimination. She points to SAC ¶ 100, which alleges that "[d]efendants intentionally discriminated against DP and excluded him from the aforementioned services, all of which constituted gross misjudgment, callous disregard, deliberate indifference, and

bad faith." She contends that DP was transferred to Tobinworld because AUSD could not provide him with an appropriate education, and that "it logically follows that AUSD denied DP appropriate access to the curriculum by means of intentional discrimination on the basis of his well documented disabilities." She argues that both AUSD and AUSD Board were aware of her complaints, but chose to summarily dismiss them, and that "that dismissal constitutes deliberate indifference." She also claims that "[t]he facts will show that AUSD and [AUSD Board] funnel most all of their 'problem students' to [Tobinworld] without regard for their safety, well being or implementation of their IEPs." She asserts that "[t]hese facts alone constitute deliberate conduct which brings the case squarely within the purview of Title II of the ADA."

The motion is GRANTED. To state a claim under either of these statutes, a plaintiff must plead intentional discrimination, or at a minimum, deliberate indifference. See Duvall, 260 F.3d at 1138. Plaintiff has alleged no facts showing that AUSD and AUSD Board discriminated against DP because of his disability. Deliberate indifference requires "both knowledge that a harm to a federally protected right is substantially likely, and a failure to act upon that likelihood." Id. at 1139 (citing City of Canton v. Harris, 489 U.S. 378, 389 (1988). In order to meet the second element of that test, "a failure to act must be a result of conduct that is more than negligent, and involves an element of deliberateness." Id.

Plaintiff alleges no deliberate conduct on the part of AUSD or AUSD Board with respect to the allegedly improper containment at Tobinworld. The conclusory allegation that AUSD and AUSD Board intentionally denied DP appropriate educational and other public services, see SAC ¶¶ 99-100, is insufficient as to discriminatory purpose, as plaintiff pleads no factual nexus between DP's alleged disability and any failure to act on the part of AUSD or AUSD Board – let alone as to the unavailability to him of state benefits provided to his non-disabled peers.

As for plaintiff's assertion that DP was entitled to unspecified implementation of "accommodations and modifications" to assist him while attending Tobinworld," plaintiff does not allege that she requested any accommodation, does not allege how such

13

accommodation would have aided with respect to any impairment DP suffered, does not allege that AUSD or AUSD Board refused to engage in an interactive process with regard to any request for an accommodation, and does not link the behavioral intervention that underlies her claims of improper containment against Tobinworld to any disability accommodation.

In her opposition, plaintiff asserts that AUSD and AUSD Board subjected DP to "abuse at the hands of school personnel and with the knowledge of school personnel." However, as defendants point out, this theory is untenable, as the SAC does not allege abuse by AUSD "school personnel" but rather by Tobinworld personnel. Moreover, as is true with the allegations against Gill, plaintiff alleges no facts showing any actual knowledge of any abuse by AUSD or AUSD Board.

The court previously dismissed these claims for failure to state a claim, with leave to amend to allege facts supporting each element of the claims. Plaintiff failed to do so in the SAC. Because the court finds that further leave to amend would be futile, the dismissal is with prejudice.

    b.  Eleventh Amendment immunity as to ADA claim

AUSD and AUSD Board argue that as state agencies, they are immune from suit for damages absent waiver or consent. It is undisputed that receipt of federal funds by the State constitutes waiver of immunity from suit under the Rehabilitation Act. Defendants argue, however, that they are immune from suit for claims under Title II of the ADA.

Defendants concede that congressional intent to abrogate State sovereign immunity as to ADA damages suits is reflected in 42 U.S.C. § 12202, but argue that, as stated by the U.S. Supreme Court in United States v. Georgia, 546 U.S. 151 (2006), Congress has authority to abrogate State sovereign immunity under § 5 of the Fourteenth Amendment, but only to enforce substantive due process rights under § 1 thereof. See id. at 154-58. Defendants assert that because plaintiff has failed to allege any constitutional violation by AUSD or AUSD Board, and because she bases her constitutional rights theory on conduct by the Tobinworld defendants, she has failed to allege any Fourteenth Amendment due

14

process violations that could support an abrogation of Eleventh Amendment sovereign immunity for the ADA Title II claim.

In opposition, plaintiff agrees that Title II of the ADA validly abrogates state sovereign immunity insofar as it creates a private cause of action against the State for conduct that violates the Fourteenth Amendment of the United States Constitution.  She contends, however, that she has clearly stated due process violations, although she does not provide any support for this assertion.

The motion is GRANTED.  The SAC does not allege facts showing that AUSD or AUSD Board discriminated against DP on the basis of his disability, or that they violated DP's due process rights.  To determine whether a school district may be subject to suit under ADA Title II, effectively abrogating the Eleventh Amendment's sovereign immunity provision, the court must determine "(1) which aspects of the [district's] alleged conduct violated Title II; (2) to what extent such misconduct also violated the Fourteenth Amendment; and (3) insofar as such misconduct violated Title II but did not violate the Fourteenth Amendment, whether Congress's purported abrogation of sovereign immunity as to that class of conduct is nevertheless valid."  Id. at 159.

The SAC does not satisfy this test.  While plaintiff alleges due process violations, those claims are brought only against Gill in his individual capacity.  Because plaintiff does not allege that any conduct by AUSD or AUSD Board amounted to a constitutional violation (and indeed, has not adequately pled a constitutional violation even as to Gill), these defendants are immune from suit under the ADA.  See J.F. v. Abel-Irby v. New Haven Unified Sch. Dist., 2014 WL 1614867 at *4 (N.D. Cal. Apr. 22, 2014); E.H. v. Brentwood Union Sch. Dist., 2013 WL 5978008, at *5 (N.D. Cal. Nov. 4, 2013).

In view of the fact that plaintiff was previously given leave to amend, the court finds that further leave to amend would be futile.  Accordingly, the dismissal of the ADA Title II claim is with prejudice.

3.    Tobinworld defendants' motion

The Tobinworld defendants argue, based on the arguments by Gill and AUSD and

AUSD Board, that in the absence of any viable federal claims, the court should exercise its discretion to decline to exercise supplemental jurisdiction over the state law claims and to dismiss the entire case under 28 U.S.C. § 1367(c).

In opposition, plaintiff argues that she has adequately stated claims under federal law against Gill and AUSD/AUSD Board, and that "it would be a great injustice to DP and others like him should this matter be dismissed in its entirety." She does not dispute that the court has discretion to dismiss the state common law claims under § 1367(c), but reiterates that her opposition to the motions filed by Gill and AUSD/AUSD Board "provide an unquestionable basis for maintaining DP's federal claims" alleged in the SAC.

The motion is GRANTED. Because no viable federal claims remain in the case, the court finds it appropriate to dismiss the supplemental state law claims asserted against the Tobinworld defendants under 28 U.S.C. § 1367(c). See United Mine Workers v. Gibbs, 383 U.S. 715, 726 (1966). The dismissal is without prejudice to refiling those claims against the Tobinworld defendants in state court.

**IT IS SO ORDERED.**

Dated: February 20, 2015

_____
PHYLLIS J. HAMILTON
United States District Judge